UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LOUIS RAMON MONTES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>T. OCHOA, et al.,<br><br>　　　　Respondents. | No. ED CV 07-1386-CAS (PLA)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On June 28, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on July 21, 2010, petitioner filed a "Motion and Objection to Report and Recommendation of United States Magistrate Judge" ("Objections" or "Objs.") and a "Motion for Stay and Abeyance Pursuant to U.S.C. § 2254" ("Motion").

**DISCUSSION**

In his Objections, petitioner primarily reiterates the same arguments that the Magistrate Judge already has considered and rejected in the Report and Recommendation. In addition, petitioner purports to raise the following arguments: (a) while agreeing that he did not challenge

the sufficiency of the evidence in the present Petition, petitioner asserts that "it has come to light that possible Brady violations along with a pending post-conviction DNA testing motion" may change this (Objs. at 1); (b) if the "allegations" raised in his purportedly pending state court matter are "found to be true," the corroborating evidence for the testimony of unspecified witnesses "will not exist" and the "whole basis for petitioner's guilty conviction will be found to be false" (Objs. at 2); and (c) with respect to his Ground 4, petitioner argues that his Motion gives rise to "possible add-ons to IAC claim" (Objs. at 3). In his Motion, petitioner seeks "a stay and abeyance" "due to the petitioner's pending" post-conviction motions in state court and because the state court "has found it necessary to appoint an attorney for petitioner." (Motion at 1). Petitioner indicates that he "will be submitting a habeas corpus petition at the state level" which possibly will "lead to this habeas petition being moot." (Motion at 2). Petitioner did not attach any documentation to either his Objections or his Motion, apart from a letter that purports to be from an attorney stating that he appeared on petitioner's behalf in court on May 28, 2010, pertaining to the preparation of a trial transcript. Petitioner has not purported to demonstrate that this attorney was pursuing any new claims that petitioner wishes to raise in connection with the Petition herein.

     First, to the extent that petitioner may have any matters pending in state court, petitioner has failed to adduce any evidence to support this contention. Regardless, the Petition that is the subject of the Report and Recommendation does not contain any unexhausted claims, and petitioner has not sought leave to amend the Petition to add any unexhausted claims. Additionally, in a Minute Order of August 31, 2009, the Magistrate Judge denied an earlier request of petitioner to stay his federal habeas action on the basis that petitioner had failed to show that he was a party in any pending state court action concerning post-conviction DNA testing. To the extent that petitioner may be purporting to seek a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), such a procedure is not applicable herein since no unexhausted claims have been presented to this Court. See, e.g., Valdovinos v. McGrath, 598 F.3d 568, 574 (9th Cir. 2010) (explaining that the Supreme Court in Rhines "examined the manner in which courts should treat mixed petitions containing both exhausted and unexhausted claims"). Moreover, even if petitioner had set forth additional and unexhausted claims that he wished this

1  Court to consider in connection with the pending Petition herein, petitioner has altogether failed
2  to show that he had good cause for his failure to exhaust such possible claim(s), that his
3  unexhausted claim(s) are potentially meritorious, or that he has not engaged in intentionally
4  dilatory tactics in failing to raise such claim(s) previously.  See Rhines, 544 U.S. at 278.

5  Second, to the extent that petitioner is contending that the DNA evidence linking him to the
6  murder weapon was the only evidence to corroborate the testimony of witness Moore, as set forth
7  in the Report and Recommendation, in addition to the blood evidence, "the record reflects
8  overwhelming evidence that petitioner was one of the group of three boys last seen leaving with
9  April in her car.  Further, Moore's account of the evening's events was corroborated by the
10 testimony of Noelle and Daniel, which was largely consistent with Moore's description of the
11 murder, and was further corroborated by … Whitson's own testimony that Moore and petitioner
12 stayed that night with Whitson." (See R&R at 26).  Accordingly, even if subsequent state court
13 proceedings cast doubt on the validity of the DNA testing of the blood evidence, the record reflects
14 substantial evidence to support the jury's finding that petitioner committed the charged crimes.

15 Third, to the extent that petitioner is purporting to argue that he intends to raise new
16 ineffective assistance of counsel claims, petitioner has failed to set forth any such claims, or his
17 reasons for failing to raise such claims in a timely manner.

18 Finally, because plaintiff is acting pro se in this case, the Court has considered whether
19 petitioner's Motion could be liberally construed as a motion seeking relief from a yet-to-be-entered
20 judgment based on new evidence pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b), however,
21 provides for reconsideration only upon a showing of "(1) mistake, surprise, or excusable neglect;
22 (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged
23 judgment; or (6) 'extraordinary circumstances' which would justify relief." Fuller v. M.G. Jewelry,
24 950 F.2d 1437, 1442 (9th Cir. 1991).  Here, even if petitioner had adduced evidence of a pending
25 state court action in which he is presently represented by counsel to challenge the validity of the
26 testing of the blood evidence, such evidence falls far short of the "new evidence" required for
27 purposes of a Rule 60(b) motion.  See, e.g., Feature Realty, Inc. v. City of Spokane, 331 F.3d
28 1082, 1093 (9th Cir. 2003) (new evidence for purposes of a Rule 60(b) motion must be of "such

magnitude that production of it earlier would have been likely to change the disposition of the case") (citing <u>Coastal Transfer Co. v. Toyota Motor Sales</u>, 833 F.2d 208, 211 (9th Cir. 1987)); <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998) (Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice"), <u>cert</u>. <u>denied</u>, 526 U.S. 1040 (1999). Rather, as set forth above, the possibility that the DNA testing of the blood evidence was flawed merely has the potential to reduce the weight of some evidence corroborating the account of witness Moore. Further, petitioner has altogether failed to show any "extraordinary circumstances" beyond his control that would justify relief pursuant to Fed. R. Civ. P. 60(b).

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, petitioner's Objections thereto, and petitioner's Motion. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.

2. Petitioner's Motion for Stay and Abeyance is denied.

3. Judgment shall be entered consistent with this order.

4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: August 17, 2010

_*Christina A. Snyder*_
_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE